Because a conflict has arisen between two Courts of Appeals concerning the calculation of a "reasonable" fee for attorneys with established billing rates, I would grant certiorari and address the question presented by this petition.

No. 87–697.   ROTHENBERG v. AMALGAMATED SUGAR CO. ET AL.   C. A. 2d Cir.   Certiorari denied.   JUSTICE WHITE took no part in the consideration or decision of this petition.

No. 87–791.   ELORTEGUI ET AL. v. UNITED STATES.   C. A. 11th Cir.   Certiorari denied.   JUSTICE WHITE would grant certiorari.

No. 86–7015.   PERRY v. LOUISIANA, ante, p. 872;
No. 87–405.   IN RE YEE, ante, p. 923;
No. 87–5441.   LUTTRELL ET AL. v. MARTINEZ, GOVERNOR OF FLORIDA, ET AL., ante, p. 930;
No. 87–5506.   HORTON v. TRAMMELL ET AL., ante, p. 946; and
No. 87–5619.   BUSSEY v. LEVY, FERGUSON & GRADY ET AL., ante, p. 933.   Petitions for rehearing denied.

JANUARY 7, 1988

No. A–527.   STREETMAN v. LYNAUGH, DIRECTOR, TEXAS DEPARTMENT OF CORRECTIONS.   Application for stay of execution of sentence of death, presented to JUSTICE WHITE, and by him referred to the Court, denied.   JUSTICE BLACKMUN and JUSTICE STEVENS would grant the application.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, Gregg v. Georgia, 428 U. S. 153, 227 (1976), I would grant the application for a stay and vacate the death sentence in this case.   Even if I did not hold this view, for the reasons stated below I still would be compelled to vote to overturn this sentence.

I

Streetman was convicted in Texas of murder and sentenced by a jury to die.   Pursuant to Texas law, Tex. Code Crim. Proc. Ann.,