Stuart and Wendy A. SATSKY, et al., Plaintiffs,

v.

PARAMOUNT COMMUNICATIONS, INC., Defendant.

Civ. A. No. 90–S–1561.

United States District Court, D. Colorado.

Nov. 14, 1991.

Herbert Delap, Delap & Barry, Denver, Colo., for plaintiffs.

Thomas Nichols, Davis, Graham & Stubbs, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

SPARR, District Judge.

THIS MATTER came before the court for hearing on May 3, 1991 on the Defendant's Motion for Partial Summary Judgment on the Plaintiffs' First through Fifth and Seventh through Eleventh Claims for Relief in the Plaintiffs' Amended Complaint, filed December 4, 1990 and on Defendant's Motion to Dismiss the Amended Complaint, filed October 25, 1990. On May 3, 1991, the court dismissed the Plaintiffs' Fifth through Tenth Claims for Relief and granted Plaintiffs leave to amend their complaint to re-plead their Fifth, Sixth, and Tenth Claims for Relief. Also on May 3, 1991, the court took Paramount's Motion for Partial Summary Judgment under advisement.

On July 1, 1991, Plaintiffs filed their Second Amended Complaint, re-pleading the Fifth and Sixth Claims for Relief and re-asserting five claims from the Amended Complaint. Their former Eleventh Claim for Relief was re-numbered the Seventh Claim for Relief. Therefore, Paramount's Motion for Partial Summary Judgment addresses the First through Fifth and Seventh Claims for Relief in the Plaintiffs' Second Amended Complaint.

Since the date of the last hearing, the parties have filed additional motions. This Order will also address Defendant's Motion to Dismiss the Fifth Claim for Relief in Plaintiffs' Second Amended Complaint, filed July 16, 1991. The court has reviewed the motions, the responses, the replies, the extensive exhibits, the applicable law, the argument of counsel in open court, and is fully advised in the premises.

I. Paramount's Motion for Partial Summary Judgment on the First through Fifth and Seventh Claims for Relief in the Plaintiffs' Second Amended Complaint

Paramount argues that the Consent Decree, Order, Judgment and Reference to Special Master (Consent Decree) approved by Judge Carrigan on June 24, 1988 in

United States District Court Civil Action No. 83–C–2387 (Paramount I) operates as res judicata in the case at bar. Paramount argues that res judicata bars the First through Fifth and Seventh Claims for Relief in the Plaintiffs' Second Amended Complaint because they were fully adjudicated in the Paramount I litigation.

### A. The Doctrine of Res Judicata

■ The Consent Decree in Paramount I (Defendant's Exhibit 2 to its Motion for Partial Summary Judgment) was approved by the United States District Court. Federal law determines the effects under the rules of res judicata of a judgment of a federal court. *Restatement (Second) of Judgments*, § 87 (1982); *Petromanagement Corp. v. Acme–Thomas Joint Venture*, 835 F.2d 1329 at 1332 (10th Cir.1988). The affirmative defense of res judicata, *see* Fed.R.Civ.P. Rule 8(c), requires that the party asserting such a bar bear the burden of showing that it applies. *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3d Cir.1984).

■ The preclusive effects of prior adjudication are traditionally subsumed under the general doctrine of res judicata, used to refer to both claim preclusion and issue preclusion. *Carter v. City of Emporia, Kansas*, 815 F.2d 617, 619 n. 2 (10th Cir. 1987). Claim preclusion, which Paramount asserts in the case at bar, prohibits the parties or their privies from relitigating issues that were or could have been raised in a previously adjudicated claim. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980); *Northern Natural Gas Co. v. Grounds*, 931 F.2d 678, 681 (10th Cir.1990). A final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979); *Petromanagement Corp. v. Acme–Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir.1988).

The Tenth Circuit has summarized the federal claim preclusion doctrine in *May v. Parker–Abbott Transfer and Storage, Inc.*, 899 F.2d 1007, 1009 (10th Cir.1990), as follows:

Res Judicata is " 'a rule of fundamental and substantial justice' " that enforces the public policy that there be an *end* to litigation. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401–02, 101 S.Ct. 2424 [2429–30], 69 L.Ed.2d 103 (1981) (quoting *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299, 37 S.Ct. 506, 508, 61 L.Ed. 1148 (1917)). By preventing repetitious litigation, application of res judicata avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action. *See Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979).

■ Application of the doctrine of claim preclusion requires a showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action. *Athlone*, 746 F.2d at 983. To qualify for preclusion, a judgment must be valid, final, and on the merits. *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 74, 112 L.Ed.2d 48 (1990); *Gray v. Lacke*, 885 F.2d 399, 405 (7th Cir.1989), *cert. denied, Lacke v. Gray*, 494 U.S. 1029, 110 S.Ct. 1476, 108 L.Ed.2d 613 (1990); *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir.1989); *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1287 (5th Cir.1989).

In order to determine what constitutes a cause of action that is precluded by a prior judgment, the Tenth Circuit has applied the transactional approach of the *Restatement (Second) of Judgments*, § 24 (1982). *May*, 899 F.2d at 1009; *Lowell Staats Mining Co. v. Philadelphia Electric Co.*, 878 F.2d 1271, 1274 (10th Cir.1989). Section 24 provides:

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (*see* §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual groupings constitute a "transaction," and what grouping constitutes a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

In 1942, Justice Traynor explained the criteria essential to an understanding and analysis of res judicata as follows:

In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

*Northern Natural Gas*, 931 F.2d at 681, quoting *Bernhard v. Bank of America Nat. Trust & Savings Ass'n*, 19 Cal.2d 807, 813, 122 P.2d 892, 895 (1942).

### 1. Final Judgment on the Merits in a Prior Suit

■ The general rule is that a final consent decree is entitled to res judicata effect. *Amalgamated Sugar Co. v. NL Industries, Inc.*, 825 F.2d 634, 639 (2d Cir. 1987), *cert. denied, Rothenberg v. Amalgamated Sugar Co.*, 484 U.S. 992, 108 S.Ct. 511, 98 L.Ed.2d 511 (1987). The principles of res judicata apply to consent decrees as well as to ordinary judgments entered by a court. *United States v. Jefferson County*, 720 F.2d 1511, 1517 (11th Cir.1983). Consent decrees are generally treated as final judgments on the merits and accorded res judicata effect. *I.A.M. Pension v. Industrial Gear Mfg.*, 723 F.2d 944, 947 (D.C.Cir. 1983); *Duquesne Light Co. v. E.P.A.*, 698 F.2d 456, 469 (D.C.Cir.1983). A consent decree is res judicata and thus bars either party from reopening the dispute by filing a fresh lawsuit. *May*, 899 F.2d at 1009; *U.S. v. Fisher*, 864 F.2d 434, 439 (7th Cir. 1988); *Brooks v. Barbour Energy Corp.*, 804 F.2d 1144, 1146 (10th Cir.1986).

■ The Consent Decree, Order and Judgment in Paramount I was entered pursuant to a settlement that resolved the substance of the disputed claims and the court concludes that it constituted a final judgment on the merits.

### 2. The Same Parties or Their Privies

■ A judgment by consent binds the parties and those in privity with them. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 732 (11th Cir.1984), *quoting Rodriguez v. East Texas Motor Freight*, 505 F.2d 40, 65 (5th Cir.1974), *vacated on other grounds*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). The Order, Judgment, and Reference to Special Master of the Consent Decree states in pertinent part:

"... the terms and provisions of this Consent Decree in their entirety, and the RAP appended hereto, represent a fair, reasonable, final and equitable settlement of all matters which have been raised between the parties to this litigation and ... the foregoing CONSENT DECREE is adopted by the Court and made an order, and final judgment of this Court and disputes are referred to the Special Master of this Court as further detailed herein." (See Defendant's Exhibit 2 p. 70).

The Consent Decree, by its own terms, is "binding upon each of the parties and their successors in interest, privies and assigns." (Defendant's Exhibit 2, paragraph II(B) p. 4).

If a final judgment on the merits will prohibit the parties or their privies from relitigating issues that were or could have been raised in a previously adjudicated claim, *Allen*, 449 U.S. at 94, 101 S.Ct. at 414–15; *Northern Natural Gas*, 931 F.2d at 681, then the court must determine whether the Plaintiffs here were in privity with the State of Colorado in the Paramount I litigation.

■ There is no definition of privity which can be automatically applied in all cases involving the doctrine of res judicata. *Lowell Staats*, 878 F.2d at 1274–75, *citing St. Louis Baptist Temple v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1174 (10th Cir.1979). Each case must be carefully ex-

amined to determine whether the circumstances require its application. *St. Louis Baptist Temple*, 605 F.2d at 1174. Privity requires, at a minimum, a substantial identity between the issues in controversy and a showing that the parties in the two actions are really and substantially in interest the same. *Lowell Staats*, 878 F.2d at 1275, *citing St. Louis Baptist Temple*, 605 F.2d at 1174. Generally speaking, one whose interests were adequately represented by another vested with the authority of representation is bound by the judgment, although not formally a party to the litigation. The theory underlying this proposition is that the party bound is in substance the one whose interests were at stake in the prior litigation. *Expert Electric, Inc. v. Levine*, 554 F.2d 1227, 1233 (2d Cir.1977), *cert. denied*, 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977).

The relationship between the Plaintiffs in this case and the Plaintiff in Paramount I is a unique one. In Paramount I, the State of Colorado brought the lawsuit as trustee of all natural resources located within its boundaries on behalf of and for the benefit of the public. The Paramount I litigation was instituted pursuant to executive order issued by the Governor of Colorado and at the request of the Colorado Departments of Health and Natural Resources, state agencies which are charged under the laws of the State of Colorado with responsibility for protecting the public health and the natural resources of the State. (See Defendant's Exhibit 1).

■ Under the *parens patriae* doctrine, the Supreme Court has held that private individuals and groups, as citizens of the State, were bound by a judgment in which they, in their common public rights as citizens of the State, were represented by the State in the proceedings. *Washington v. Washington State Commercial Passenger Fishing Vessel Ass'n*, 443 U.S. 658, 692 n. 32, 99 S.Ct. 3055, 3078 n. 32, 61 L.Ed.2d 823 (1979), *opinion modified on other grounds, Washington v. U.S.*, 444 U.S. 816, 100 S.Ct. 34, 62 L.Ed.2d 24 (1979); *Tacoma v. Taxpayers*, 357 U.S. 320, 340–41, 78 S.Ct. 1209, 1221, 2 L.Ed.2d 1345 (1958). In a proper *parens patriae* action,

a state is deemed to represent all of its citizens when the state is a party in a suit involving a matter of sovereign interest, and there is a presumption that the state will adequately represent the position of its citizens. *United States v. Olin Corp.*, 606 F.Supp. 1301, 1305 (N.D.Ala.1985), *citing Menzel v. County Utilities Corp.*, 501 F.Supp. 354, 357 (E.D.Va.1979). Case authority indicates that once a state represents all of its citizens in a *parens patriae* suit, a consent decree or final judgment entered in such a suit is conclusive upon those citizens and is binding upon their rights. *Olin*, 606 F.Supp. at 1304.

■ This court concludes that the Plaintiffs in this civil action were privies of the State of Colorado under the *parens patriae* doctrine. Therefore, Plaintiffs are bound by the Consent Decree in which they were represented by the State of Colorado as trustee for all natural resources located in Colorado and on behalf of the public as citizens of Colorado.

### 3. Subsequent Suit Based on the Same Causes of Action

Privity aside, before res judicata can apply, it must be found that the causes of action raised in this civil action were or could have been raised in the previously adjudicated Paramount I case.

#### a. Paramount I

In Paramount I, the State asserted six claims for relief, seeking judgment of liability and injunctive relief from the release of hazardous substances, pollutants, and contaminants from the Eagle Mine. The State also sought an order for damages and for removal, correction, or abatement of such releases.

Extensive scientific studies were done during the Paramount I litigation. Health studies were performed to determine any human health hazards. Public meetings were held at which public comment was invited. Many scientific experts, government agencies, and citizen groups participated in the investigation, studies, and negotiations. The experts assessed numerous remedial programs before settling on

the 15–year Remedial Action Plan (RAP) incorporated in the Consent Decree (Defendant's Exhibit 3 to its Motion for Partial Summary Judgment). The RAP provided for extensive remedial activities, including removal, containment, and monitoring of the Eagle Mine site and the surrounding area and water supplies. The Consent Decree was designed to achieve a clean-up of the Eagle Mine and its surrounding area.

The Paramount I court approved appointment of a special master for adjudication of further disputes and contempt after entry of the Consent Decree. The judgment for monetary damages has been paid and the RAP has been under way for approximately three years.

### b. The Instant Civil Action

In this civil action, Plaintiffs bring seven claims for relief, seeking judgment of liability and injunctive relief from further releases of hazardous substances, hazardous wastes, and toxic substances from the Eagle Mine. Plaintiffs also seek response costs for removal of such substances and for monitoring and testing the impact of releases around and downstream from the Eagle Mine, as well as compensatory and exemplary damages.

### i. Plaintiffs' First, Second, and Third Claims for Relief

■ The Plaintiffs' First, Second, and Third Claims for Relief in their Second Amended Complaint are virtually identical to the Fourth, Fifth, and Sixth Claims for Relief in Paramount I. Plaintiffs' First, Second, and Third Claims for Relief seek essentially the same damages and injunctive relief as were sought in Paramount I. The only discernibly different relief sought is for medical detection and surveillance services to study adverse health effects to the Plaintiffs living and working in the vicinity of the Eagle Mine. However, health studies performed for the Paramount I litigation concluded that there was no threat to human health and the RAP incorporated in the Consent Decree provided for extensive containment, clean-up, and monitoring of the mine site and surrounding water supplies.

After careful review of the Plaintiffs' First, Second, and Third Claims for Relief, the court concludes that these claims are virtually identical to those raised and settled in the previously adjudicated Paramount I case. Accordingly, Plaintiffs' First, Second, and Third Claims for Relief are barred by res judicata.

### ii. Plaintiffs' Fourth Claim for Relief

■ Res judicata bars not only those issues that the parties actually litigated, but also any issue which the parties could have raised in a prior action. *Gray*, 885 F.2d at 404–05; *Lubrizol*, 871 F.2d at 1287. Plaintiffs' Fourth Claim for Relief is for trespasses under Colorado law. Although there was no claim for trespass brought in Paramount I (see Defendant's Exhibit 1 to its Motion for Partial Summary Judgment), the court concludes that the Fourth Claim for Relief could have been raised in Paramount I.

The Plaintiffs' Fourth Claim for Relief alleges that the "use and occupation of the Eagle Mine by Paramount and its predecessors has resulted in an entry and intrusion" causing damages to the Plaintiffs and their property. The damages alleged by the Plaintiffs are essentially the same damages as those alleged in the Plaintiffs' First, Second, and Third Claims for Relief and in Paramount I.

The existence of hazardous substances from the Eagle Mine was known at the time of Paramount I. The damages caused by intrusion of hazardous substances from the Eagle Mine onto the surrounding property were considered in the Consent Decree in Paramount I. The Plaintiffs' Fourth Claim for Relief is another way of stating a claim for damages that were addressed in the Paramount I Consent Decree. Accordingly, the court concludes that the Plaintiffs' Fourth Claim for Relief for trespasses under Colorado law could have been raised in Paramount I and is barred by res judicata.

### iii. Plaintiffs' Fifth Claim for Relief

■ The Plaintiffs' Fifth Claim for Relief alleges misrepresentation and concealment under Colorado law. There were no similar claims or allegations of misrepresentation or concealment made in the Para-

mount I case, and it is not clear that such claims and allegations could have been raised. The court concludes that res judicata does not bar the Plaintiffs' Fifth Claim for Relief.

iv. Plaintiffs' Seventh Claim for Relief

 The Plaintiffs' Seventh Claim for Relief seeks exemplary damages under Colo.Rev.Stat. § 13–21–102, alleging circumstances of fraud, malice, insult, and reckless disregard attendant to the wrongful conduct alleged in the Second Amended Complaint. To the extent that exemplary damages are sought for the Plaintiffs' First, Second, Third, and Fourth Claims for Relief that the court has determined are barred by res judicata, the Plaintiffs' Seventh Claim for Relief for exemplary damages should be dismissed. To the extent that exemplary damages are sought for the Plaintiffs' Fifth Claim for Relief, the Plaintiffs' Seventh Claim for Relief for exemplary damages should be permitted to stand.

II. Paramount's Motion to Dismiss the Fifth Claim for Relief in Plaintiffs' Second Amended Complaint

On May 3, 1991, the court dismissed the Plaintiffs' Fifth Claim for Relief for failure to state the alleged misrepresentations and concealments with sufficient particularity. The court granted Plaintiffs leave to amend their claim and Plaintiffs included their amended Fifth Claim for Relief in their Second Amended Complaint, filed July 1, 1991.

Paramount moves to dismiss the Fifth Claim for Relief because the Second Amended Complaint has not corrected the deficiencies of the predecessor Fifth Claim for Relief. Defendants argue that: (1) the allegations in the Fifth Claim for Relief are still not pled with sufficient particularity according to Fed.R.Civ.P. Rule 9(b); (2) the Plaintiffs have failed to adequately allege the essential element of detrimental reliance; and (3) the Plaintiffs failed to specifically allege their damages.

In response, Plaintiffs direct the court's attention to numerous paragraphs of their Second Amended Complaint. Plaintiffs argue that they have sufficiently pled their allegations, detrimental reliance, and damages. The court agrees. Accordingly, Par-

amount's Motion to Dismiss the Fifth Claim for Relief in Plaintiffs' Second Amended Complaint is DENIED.

Accordingly, IT IS ORDERED:

1. The Defendant's Motion for Partial Summary Judgment on the First through Fifth and Seventh Claims for Relief in the Plaintiffs' Second Amended Complaint, filed December 4, 1990, is GRANTED IN PART and DENIED IN PART. The Plaintiffs' First, Second, Third, and Fourth Claims for Relief are hereby DISMISSED as barred by res judicata.

2. Paramount's Motion to Dismiss the Fifth Claim for Relief in Plaintiffs' Second Amended Complaint, filed July 16, 1991, is DENIED.