**DOCTOR'S ASSOCIATES, INC., Plaintiff,**

v.

**Donald A. STUART and Martin Schwarze, Defendants.**

**No. CIV. 3:95CV1065 (PCD).**

United States District Court,
D. Connecticut.

June 9, 1998.

223

of the Illinois Consumer Fraud and Deceptive Business Practices Act, and common law fraud.

DAI filed a petition in district court to compel arbitration and for a preliminary injunction barring Defendants from prosecuting their action in state court. Prior to a resolution of DAI's petition and motion, the Illinois state court entered summary judgment declaring the arbitration clause void and unenforceable. Thereafter, DAI's petition to compel arbitration was granted, and Defendants were enjoined from prosecuting their state court lawsuit.[1] The order compelling arbitration and enjoining the state proceedings was upheld by the Second Circuit Court of Appeals, *see Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975 (2d Cir.1996), and the parties proceeded to arbitration. On November 13, 1997, the arbitrator made a written award in favor of DAI on all of Defendants' claims. DAI now seeks to confirm the arbitration award.

Edward Wood Dunham, Mark Richard Kravitz, Wiggin & Dana, New Haven, CT, for Plaintiff.

Nicholas E. Wocl, Tooher & Wocl, Stamford, David M. Duree, Reinert, Duree & Crane, St. Louis, MO, for Defendants.

## RULING ON PENDING MATTERS

DORSEY, Senior District Judge.

Currently pending are Plaintiff's petition to confirm arbitration award, Plaintiff's motion for a permanent injunction, and Defendants' motion to set aside or vacate the order previously entered compelling arbitration. For the following reasons, Plaintiff's petition and motion are granted, and Defendants' motion is denied.

## I. BACKGROUND

Defendants Donald A. Stuart and Martin Schwarze, Subway franchisees, ("Defendants") sued Plaintiff Doctor's Associates, Inc. ("DAI") in Illinois state court for declaratory judgment that the arbitration clause in the franchise agreement was unenforceable, and for damages for violation of the Illinois Franchise Disclosure Act, breach of the covenant of good faith and fair dealing, violation

## II. DISCUSSION

### A. Motion to Vacate Order Compelling Arbitration

In response to DAI's petition, Defendants have not moved pursuant to § 10 of the Federal Arbitration Act ("FAA") to vacate the arbitration award. Instead, Defendants move pursuant to Fed.R.Civ.P. 60(b)(1),(4), and (6), to vacate the *prior 1995 order compelling arbitration* on the grounds that the order was premised on an incorrect interpretation of Illinois law regarding issue preclusion and an erroneous finding of subject matter jurisdiction. The parties dispute (1) whether the Second Circuit misinterpreted Illinois law; and (2) whether "new" state law exists, and, if so, whether Defendants can seek to vacate a judgment under Fed. R.Civ.P. 60 based on such "new" authority.

---

1. Defendants' argument that the Illinois judgment precluded DAI from relitigating the enforceability of the arbitration clause was rejected on the ground that the time for appealing that decision had not expired and thus the decision was not binding, as was held in prior DAI cases. *See Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438, 449–50 (2d Cir.1995), *cert. denied*, —— U.S. ——, 118 S.Ct. 365, 139 L.Ed.2d 284 (1997)(relying on *Ballweg v. City of Springfield*, 114 Ill.2d 107, 102 Ill.Dec. 360, 499 N.E.2d 1373 (1986), and *Relph v. Bd. of Educ.*, 84 Ill.2d 436, 50 Ill.Dec. 830, 420 N.E.2d 147 (1981)).

■ The order compelling arbitration and enjoining Defendants from prosecuting their Illinois state action was entered over two years ago. That decision was affirmed by the Second Circuit Court of Appeals. That order cannot be vacated under Rule 60 on the ground that the court of appeals was wrong. The only issue currently before this Court is whether to confirm the arbitration award. Defendants' motion to vacate is DENIED.

### B. *Application to Confirm Arbitration Award*

Section 9 of the FAA provides, in pertinent part:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

### 1. *Subject Matter Jurisdiction*

Defendants challenge jurisdiction to confirm the award asserting that "[s]ince the arbitrator awarded no damages, the requisite amount in dispute in excess of $75,000 is not in dispute with respect to the application to confirm the arbitration award ...." Answer to Application to Confirm Arbitration Award ("Answer") ¶ 4. Defendants' position would effectively preclude any defendant who prevailed in an arbitration from petitioning a district court to confirm the award.

2. In its answer to DAI's application to confirm, Defendants also challenge the validity of the 1995 order compelling arbitration. As discussed above, that decision was affirmed by the Second Circuit and cannot be revisited here.

3. Since there are no factual disputes, a hearing on the motion for permanent injunction is unnec-

■ "The amount in controversy is the difference 'between winning and losing the underlying arbitration.'" *Doctor's Associates, Inc. v. Hollingsworth*, 949 F.Supp. 77, 82 (D.Conn.1996) (citation omitted). The underlying dispute that was arbitrated was whether DAI engaged in the misconduct alleged in the state court complaint. Defendants sought more than $1.5 million in compensatory damages and $5 million in punitive damages in that action. Moreover, the arbitration clause contained in the franchise agreement provides that "judgement upon an award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof." May 25, 1990 Franchise Agreement, ¶ 10c. Subject matter jurisdiction exists.[2]

### 2. *Merits of the Application*

Defendants have not moved pursuant to § 10 or § 11 of the FAA to vacate or modify the arbitration award. Accordingly, DAI's petition must be granted because the award has not been "vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

### C. *Motion for Permanent Injunction* [3]

■ DAI seeks an order permanently enjoining Defendants and any businesses they own or control from prosecuting their state action in Illinois.

Defendants' assert that this Court does not have jurisdiction to enjoin state court plaintiff D.A. Stuart Enterprises, Inc. or state court defendants Hossein Naemi, Subway Development Corp. of Eastern Missouri, Frederick A. DeLuca and Peter H. Buck, who are not parties to this action. Defendants further contend that the Anti–Injunction Act precludes granting the requested relief.[4] Defendants' arguments are without merit.

essary. *See Maryland Cas. Co. v. Realty Advisory Bd.*, 107 F.3d 979, 984 (2d Cir.1997).

4. Defendants also object on the grounds that (1) in the absence of a judgment confirming arbitration there is no jurisdiction to enter any permanent injunction against the prosecution of any claims in Illinois, and (2) there is no jurisdiction

■ "A district court may properly enjoin state court proceedings in order 'to protect or effectuate its judgments' when it is necessary to preserve its authority or to avoid needless litigation." *Amalgamated Sugar Co. v. NL Industries, Inc.,* 825 F.2d 634, 639 (2d Cir.1987) (citations omitted), *cert. denied,* 484 U.S. 992, 108 S.Ct. 511, 98 L.Ed.2d 511 (1987) (relying on the Anti–Injunction Act, 28 U.S.C. § 2283). An order confirming arbitration is afforded the "same status as any other federal judgment." *Burmah Oil Tankers, Ltd. v. Trisun Tankers, Ltd.,* 687 F.Supp. 897, 899 (S.D.N.Y.1988). Defendants must be enjoined from prosecuting the state action in order to effectuate the judgment confirming the arbitration award and to avoid needless litigation.

■ Moreover, courts have authority "to bind non-parties to the terms of an injunction or restraining order to preserve its ability to render a judgment in a case over which it has jurisdiction." *U.S. v. Paccione,* 964 F.2d 1269, 1275–76 (2d Cir.1992) (citation omitted). *See also Securities & Exch. Comm'n v. Wencke,* 622 F.2d 1363 (9th Cir. 1980). An order granting an injunction is binding not only upon the parties to the action, but also upon "their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed.R.Civ.P. 65(d). D.A. Stuart Enterprises, Inc.—the corporation that Defendants control—is clearly a "person in active concert or participation with them" and can be bound by an injunction without the necessity of joining it as a party defendant. Defendants' contention that they cannot be enjoined from proceeding against DAI's agents and owners is also without merit having already been rejected by the Second Circuit. *See Stuart,* 85 F.3d at 984–85.[5]

■ Defendants further claim that the effect of any judgment here should be resolved by the Illinois state court applying the

principles of res judicata and/or collateral estoppel. The award of the arbitrator in favor of DAI denied in its entirety the counterclaim of Defendants—which raised the same issues as the Illinois state action—and thereby resolved this dispute. The arbitrator's award, the order confirming arbitration and the strong public policy in favor of arbitration would be undermined if Defendants were permitted to return to state court and relitigate this matter. The purpose of the relitigation exception to the Anti–Injunction Act is to prevent such a result and "reflects congressional recognition that injunctions may sometimes be necessary in order to avoid [ ] disharmony" between the federal and state courts. *Amalgamated Sugar Co.,* 825 F.2d at 639 (citation omitted).

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to vacate the order compelling arbitration [doc. # 52] is DENIED. DAI's application to confirm arbitration award [doc. # 47] and motion for permanent injunction [doc. # 48] are GRANTED. DAI's motion for leave to file objection [doc. # 55] is GRANTED. The Clerk shall close the file.

SO ORDERED.

---

to enter the injunction because the state court's determination that the arbitration clause is unenforceable is binding here. These arguments are moot in light of the above discussion regarding the petition to confirm the arbitration award.

**5.** Defendants did not challenge the preliminary injunction as to D .A. Stuart Enterprises, Inc., either in the district court or at the court of appeals.