**NORTH AMERICAN THOUGHT COMBINE, INC., Petitioner,**

v.

**Kathleen KELLY, Respondent.**

**No. 02 Civ. 3630(LMM).**

United States District Court, S.D. New York.

Feb. 18, 2003.

Tedd S. Levione, Baldinger & Levine, LLC, Mineola, NY, for North American Thought Combine, Inc.

Marc S. Friedman, Sills Cimmis Radin Tischman Epstein & Gross, New York, NY, for Kathleen Kelly.

## MEMORANDUM AND ORDER

McKENNA, District Judge.

Petitioner North American Thought Combine, Inc. ("Thought") moves for an order confirming an arbitration award.[1] Respondent Kathleen Kelly ("Kelly") objects to the confirmation on the basis that the Court lacks subject matter jurisdiction. The Court agrees and petitioner's motion is denied.

## BACKGROUND

From April 1992 through March 2000, Thought and Kelly had a written contract ("the Agreement") whereby Thought agreed to "use its best efforts to find and conclude business arrangements with licensees or others" with respect to certain pieces of Kelly's artwork. (Compl. Exh. A at 1–2.) Petitioner Thought brought a claim before an arbitrator with the American Arbitration Association based on a dispute with Kelly over the interpretation of the Agreement. (Compl. ¶ 11.) The claim was brought before the arbitrator pursuant to the arbitration provision in the contract stating that "[a]ny dispute or controversy arising between or among the parties hereto regarding any of the terms of this Agreement or the breach thereof . . . shall be submitted to and determined by arbitration in accordance with the rules then obtaining of the American Arbitration Association." (*Id.* ¶ 6 & Exh. A, ¶ 11.) The contract further stated that "judgment upon said award or decision may be entered in any court having jurisdiction thereof." (*Id.*)

Neither party has provided the Court with the arbitration complaint. As far as the Court can discern from the papers submitted, Thought's arbitration complaint sought a declaratory judgment that the contract was valid and enforceable and continued to give it the right to be the exclusive agent for representation of certain properties related to Kelly's artwork. (*Id.* Exh. B, ¶ 1.) Kelly asked for the relief to be denied and a determination that the contract no longer bound the parties. (*Id.*) The hearing was held on December 17 and 18, 2001 and the arbitrator rendered his decision on or about March 11, 2002. (Compl. ¶¶ 12, 14.)

The arbitrator held that Thought "has a continuing right to act as [Kelly's] exclusive agent for the properties for which [Thought] secured a licensing agreement during the term of the Agreement, and to receive the compensation set forth in paragraph 5 of the Agreement." (*Id.* Exh. B, ¶ 7.) Paragraph 5 of the Agreement states that Thought is entitled to receive and retain, *inter alia,* "forty percent (40%) of the gross receipts received by it in respect of Merchandising Rights to the Work." (*Id.* Exh. A, ¶ 5.) The arbitrator further held

---

1. On May 10, 2002, Thought filed a "complaint" seeking to confirm the award. On July 30, 2002, Kelly "moved to dismiss" the complaint for lack of subject matter jurisdic- tion. The Court will consider these pleadings as a petition to confirm the award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 6, 9 and an opposition to this petition.

that because the Agreement had expired, Thought "does not have a continuing right to represent all of Kelly's works or all of her 'whimsical works.'" (*Id.* Exh. B, ¶ 8.) Rather, the arbitrator concluded that Thought only has a continuing right to represent certain properties, which the arbitrator listed, that were licensed and sold during the term of the Agreement to Russ Berrie & Co. ("Russ Berrie"). (*Id.* ¶ 6.) With respect to any other of Kelly's past or future works, she "is free to make her own business arrangements." (*Id.* ¶ 8.)

## DISCUSSION

Section 9 of the FAA does not confer upon federal district courts subject matter jurisdiction. *Perpetual Sec., Inc. v. Tang,* 290 F.3d 132, 140 (2d Cir.2002). There must be an independent basis for subject matter jurisdiction, such as diversity or the presence of a federal question. *Id.* Thought argues that diversity jurisdiction exists in this case. (Compl. ¶ 3; Kelly Memo. at 2–4.) In opposition, Kelly argues that the $75,000 amount in controversy requirement of 28 U.S.C. § 1332 has not been met. (Kelly Memo. at 4.)

In determining whether the amount in controversy exceeds the statutorily required $75,000, the Court must first decide to which document it should refer in order to make the determination. That is to say, the Court has two choices. First, the Court could look to the value of the relief requested in the complaint in the underlying arbitration. Or, second, the Court could use the value of the arbitration award. The law does not appear to be resolved in this circuit. In fact, only one court in this circuit has directly addressed this issue. In *Doctor's Assocs., Inc. v. Stuart,* 11 F.Supp.2d 221 (D.Conn.1998), Judge Dorsey held that in an application to confirm an arbitration award, "[t]he amount in controversy is the difference between winning and losing the underlying arbitration." 11 F.Supp.2d at 224 (quotation omitted). Judge Dorsey's main concern was that if a court looks to the value of the award itself, it "would effectively preclude any defendant who prevailed in an arbitration from petitioning a district court to confirm the award." *Id.* The Court shares this concern, but believes that it can be addressed in a different manner.

The Court believes that when deciding whether jurisdiction exists in a petition for confirmation of an arbitration award, the amount in controversy is the value of the award itself to the petitioner. Second Circuit authority appears to support this position. In *Perpetual,* the Court noted the fact that the petitioner made no allegation of diversity jurisdiction and ·stated that "although the parties appear to be diverse, the amount in controversy is less than the statutorily required $75,000." 290 F.3d 132 at 136. Although the court never explicitly stated that it looked to the award itself in order to make this conclusion, there is no mention in the *Perpetual* case of the value of the underlying arbitration. As a result, the Second Circuit must have been looking to the value of the arbitration award itself when making this statement— $21,000 in compensatory damages. *Id.* at 135.

This rule will not prejudice prevailing defendants who wish to confirm an arbitration award. If the award itself were the sole determinant, the numeric value of the arbitrator's award would be zero in a case where a defendant had prevailed in the arbitration. This is why the true value of the award in such cases should be measured by the value of the award to the petitioning defendant. This can be achieved by looking to the underlying complaint because this is the value to the defendant of prevailing in the arbitration.

However, a court should look to the value of the relief requested in the arbitration complaint only where a defendant has prevailed in the arbitration. In all other situations, a court should look to the value of the award itself.

 In this case, the Court must look to the value of the award itself. The arbitrator concluded that Thought has a continuing right to represent certain properties, which the arbitrator listed, that were licensed and sold during the term of the Agreement to Russ Berrie. (Compl.Exh. B, ¶¶ 6, 8). "Valuation of the matter in controversy in suits for declaratory or injunctive relief is a complex task." *Law Audit Serv. v. Studebaker Tech., Inc.*, No. 96 Civ. 0926, 1996 WL 137492, at *3 (S.D.N.Y. March 27, 1996) (quotation omitted). Although Thought argues that the value of the award is "reasonably believed to be in excess of $250,000," the only specific support advanced by Thought is that "Russ Berrie continues to express a strong interest in Kelly's artwork, which, if Kelly would cooperate, would likely result in over $100,000 of annual royalties." (Gorbaty Aff. ¶¶ 12, 13). However, nothing in the arbitrator's decision indicates that Kelly must make any new agreements with Russ Berrie. It only states that Thought will receive royalties if Kelly chooses to cooperate with Russ Berrie.

As the burden of proof rests upon Thought in this case to establish the necessary elements for jurisdiction, the Court will not assume that a value exceeding $75,000 is in controversy. *See Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994). "Where as here, jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with 'competent proof' and 'justify [its] allegations by a preponderance of the evidence.'" *United Food & Commercial Workers Union, Local 919, AFL–*

*CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir.1994) (quoting *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). Because Thought has not offered competent proof that the value of the continuing rights awarded to it by the arbitrator exceeds $75,000, let alone justified its allegations by a preponderance of the evidence, all doubts are resolved against them. The Court finds no jurisdictional basis for confirming the award.

### CONCLUSION

For the foregoing reasons, the Court dismisses Thought's petition to confirm the arbitration award for lack of federal subject matter jurisdiction.