STEAGALL, Justice.
We granted certiorari in this case to consider the question of whether a child can bring an action for paternity under the Alabama Uniform Parentage Act, Code 1975, §§ 26-17-1 through -21, when the child’s mother had brought an unsuccessful paternity action against the same defendant pursuant to the prior paternity statute, Code 1975, §§ 26-12-1 through -9 (repealed May 7, 1984). The Court of Civil *267 Appeals affirmed the circuit court’s dismissal of the action brought by the child, Erica Alexis Snow. We reverse.
The facts are recited in the opinion of the Court of Civil Appeals, State ex rel. Snow v. Armstrong, 508 So.2d 264 (Ala.Civ.App.1986).
The paternity action that was instituted in 1983 by Erica’s mother, Gwendolyn P. Snow, was brought under the provisions of Code 1975, §§ 26-12-1 through -9 (repealed May 7, 1984), known as the deGraf-fenried Act. The general purpose of this act was to provide a procedure for a judicial determination of the paternity of an illegitimate child. State ex rel. Moore v. Strickland, 289 Ala. 488, 268 So.2d 766 (1972). Code 1975, § 26-12-1 (repealed May 7, 1984) provided for the commencement of a paternity proceeding as follows:
“Whenever any woman residing in any county of Alabama is pregnant with or delivered of an illegitimate child, complaint may be made in writing under oath, by the mother of said illegitimate child or other person having legal custody of said child, and if said child is or is likely to become a public charge, by any representative of the state or county department of pensions and security....”
Under the deGraffenried Act, the child was not authorized to begin paternity proceedings.
The Alabama Uniform Parentage Act (“AUPA”), codified at §§ 26-17-1 through -21, Code 1975, was enacted by our legislature in 1984, and it repealed the deGraffen-ried Act. The AUPA places emphasis on the “parent and child relationship,” which is “the legal relationship existing between a child and his natural or adoptive parents incident to which the law confers or imposes rights, privileges, duties and obligations,” and which includes “the mother and child relationship and the father and child relationship.” Code 1975, § 26-17-2. The AUPA expands the class of persons entitled to bring an action to determine the father and child relationship, and for the first time authorizes such an action by the child. See Code 1975, § 26-17-6.
In the present case, Erica is a person who may bring an action to determine the father and child relationship, as provided by Code 1975, § 26-17-6(c):
“An action to determine the existence of the father and child relationship with respect to a child who has no presumed father under section 26-17-5 may be brought by the child, the mother, or personal representative of the child, the public authority chargeable by law with support of the child, the personal representative or a parent of the mother if the mother has died, a man alleged or alleging himself to be the father, or the personal representative or a parent of the alleged father if the alleged father has died or is a minor.”
Also, Code 1975, § 26-17-9(c), provides:
“An action to determine paternity may also be commenced upon the complaint of the child, the person having legal custody of the child or the representative of the public authority chargeable by law with the support of the child.”
The action brought by Erica pursuant to the AUPA was dismissed because of the earlier determination in the paternity action brought by Gwendolyn, that Gus Armstrong was not the father. We hold, however, that Erica is entitled to initiate a paternity proceeding and that her action to determine the father and child relationship should not have been dismissed.
The doctrine of res judicata does not bar Erica’s action under the AUPA. For res judicata to apply to Erica’s claim, the following elements must be met: “1) the prior judgment was rendered by a court of competent jurisdiction; 2) the prior judgment was rendered on the merits; 3) the parties to both suits are substantially identical; and 4) the same cause of action is present in both suits.” Tatum v. Kelley, 481 So.2d 1132, 1135 (Ala.1985). The doctrine of res judicata will not apply if any one of these elements is missing. Fisher v. Space of Pensacola, Inc., 461 So.2d 790 (Ala.1984). In the present case, the third requirement is not met because Erica and Gwendolyn are not substantially identical parties.
*268 For the parties to be substantially the same in both cases, they “must be either the same, or in privity of estate, blood, or law with the original parties.” Lott v. Toomey, 477 So.2d 316, 319 (Ala.1985). Erica was not a party to the paternity action brought by Gwendolyn, nor was she represented by a guardian ad litem in that proceeding. Thus, unless Erica and Gwendolyn are in privity, res judicata will not apply. As stated by this Court in Tatum v. Kelley, 481 So.2d at 1136,
“[f]or privity to exist between two people, there must be an identity of interests between them. Butler v. Michigan Mutual Ins. Co., 402 So.2d 949, 953 (Ala.1981). ‘Privity’ has been defined as ‘a mutual or successive relationship to the same rights of property.’ Sims v. City of Birmingham, 254 Ala. 598, 607, 49 So.2d 302, 310 (1950).”
“ ‘[Pjrivity, for purposes of judicial finality, does not normally arise ... from the relationship between parent and child.’ ” Brown v. Terry, 375 So.2d 457, 458-59 (Ala.1979) (quoting IB J. Moore, Moore’s Federal Practice ¶ 0.414[11] (2d ed. 1974), 110.411[11] in 1984 edition).
The interests of Erica in establishing the existence of the father and child relationship are different from the interests of Gwendolyn in bringing the prior paternity action. If Gwendolyn's action had been successful, she possibly could have received a judgment for support benefits on behalf of the child and a judgment for the reasonable expenses of her pregnancy and confinement. Code 1975, § 26-12-4 (repealed May 7, 1984). Erica, on the other hand, has personal interests in an adjudication of paternity that are independent of the interests of her mother. In addition to an inherent right to continuing support from her father, see Northcutt v. Cleveland, 464 So.2d 112 (Ala.Civ.App.1985), Erica’s right to inherit from her natural father through intestate succession will be established by a judicial determination of paternity. Abrams v. Wheeler, 468 So.2d 126 (Ala.1985). A paternity proceeding may also directly affect Erica in other important matters, including her custody, the knowledge of her heritage, and the determination of an accurate family medical history. Settle v. Beasley, 309 N.C. 616, 308 S.E.2d 288 (1983). Because there is not an identity of interests between Erica and Gwendolyn, they are not in privity, and res judicata will not apply to bar Erica’s claim.
When the AUPA became effective, an illegitimate child in Alabama was presented with a remedy which that child previously did not possess. The interests of a child in the determination of paternity are protected by the provisions of Code 1975, § 26-17-11:
“The child may be made a party to the action. If the child is a minor, he shall be represented by his general guardian or a guardian ad litem appointed by the court, if not otherwise represented by counsel. The child’s mother or father may not represent the child as guardian or otherwise....”
The remedy provided by the AUPA is available to Erica for determining her paternity. The paternity suit filed by Erica’s mother was brought under the prior paternity statute that neither allowed Erica to be a party nor provided that a guardian ad litem be appointed to protect Erica’s interests. We cannot permit the previous determination to preclude Erica’s action under the AUPA, because to do so would allow Erica’s rights to be foreclosed by a prior action to which she did not have an opportunity to be a party.
Considering the AUPA as a whole, we determine that the provision of Code 1975, § 26-17-14(a), stating that “[tjhe order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes,” does not bar the present litigation. The AUPA recognizes and protects the interests of the child in a paternity determination. If § 26-17-14(a) meant that Erica is barred by the prior paternity action under the deGraffenried Act, in which she had no opportunity to be heard, then that provision would effectively deny Erica the protections afforded by the AUPA. Since an action under the AUPA “is a civil action governed by the rules of civil procedure,” *269 Code 1975, § 26-17-9(a), the concern that a putative father may be subjected to a multiplicity of lawsuits is diminished, because joinder and intervention are available under our rules of civil procedure to bring all the issues and all the parties before the court.
The judgment is reversed, and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES and HOUSTON, JJ., concur.
BEATTY, J., dissents.