The PEOPLE of the State of
Colorado, Petitioner,

In the Interest of M.C., a Child,
Petitioner–Intervenor–
Appellant,

and Concerning S.O.V., Respondent–
Appellee.

No. 93CA1715.

Colorado Court of Appeals,
Div. III.

Oct. 6, 1994.

Rehearing Denied Nov. 10, 1994.

Certiorari Granted June 5, 1995.

⚛68

McMichael Burlingame Multz & Lipton, Edward A. Lipton, Donna A. Salmon, Grand Junction, for petitioner-intervenor-appellant.

David C. Johnston, Paonia, for respondent-appellee.

Opinion by Judge JONES.

In this paternity action, petitioner/intervenor, M.C., a child, appeals the trial court's dismissal of her petition to declare the respondent, S.O.V., her father. We reverse.

This action was commenced when the People, through the Delta County Child Support Enforcement Unit, filed a "Petition For Parentage Determination And To Obtain Child Support" on behalf of M.C., naming the child's mother, D.L.C., and S.O.V., the putative father, as respondents. The paternity action was tried to a jury in November 1989, and the jury rendered a verdict finding that S.O.V. was not the father of the child.

However, based on the existence of two presumptions of paternity, including blood testing demonstrating a probability of 99.9% that S.O.V. was the child's father and the fact that the child was conceived when the two respondents were married, the trial court entered a judgment of paternity notwithstanding the verdict. This judgment was subsequently reversed by a division of this court, which remanded the cause to the trial court. *People in Interest of M.C.*, 844 P.2d 1313 (Colo.App.1992).

Upon remand, the People moved for a new trial on the grounds that the trial court lacked subject matter jurisdiction on the issue of paternity because the child had not been represented by a guardian ad litem or other fiduciary and, therefore, had not been properly made a party to the action as then required by § 19–6–110, C.R.S. (1986 Repl. Vol. 8B). The trial court appointed a guardian ad litem for the child to determine whether it was in the child's best interests collaterally to attack the jury verdict of non-paternity based on the premise of the People's lack of jurisdiction to represent the child in the action.

The guardian ad litem filed a report with the court concluding that such an attack was in the child's best interests. The child thereafter filed a motion to intervene in the paternity action brought by the People, and the

child, additionally, filed a petition seeking a declaration of paternity with regard to S.O.V.

S.O.V. moved to dismiss the child's petition on the grounds that, because the matter had been previously decided by a jury verdict, the child's claim was barred by the doctrines of *res judicata* and collateral estoppel. Although the child had not been a party to the original action, the court, nevertheless, found that the doctrine of *res judicata* was applicable because it concluded that the child stood in privity with the state and was also represented by the state through its common law duty under the doctrine of *parens patriae*. Thus, the trial court dismissed the action on the grounds that the child's claim was barred by *res judicata* and collateral estoppel. The child now appeals the dismissal of her paternity suit.

The child contends that *res judicata* and collateral estoppel do not operate as bars to her new paternity action because she was neither a party to the original paternity proceeding, nor was she in privity with the State in the original action. We agree.

The doctrine of *res judicata* renders an existing judgment conclusive as to the rights of the parties or their privies in any subsequent proceeding based on the same claim. In contrast to *res judicata*, collateral estoppel bars relitigation of an issue when that issue has been determined in a prior proceeding and: (1) the issue is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel is sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding and; (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *Denver v. Consolidated Ditches Co.*, 807 P.2d 23 (Colo.1991).

The claim and issue of paternity that the child seeks to assert in the current paternity proceeding is the same as in the initial paternity proceeding. Hence, the first element necessary to satisfy the doctrines of *res judicata* and collateral estoppel is present. However, the parties dispute whether the

child in this action was a party to or was in privity with a party to the prior action.

At the time that the initial paternity action was commenced, § 19–6–110, C.R.S. (1986 Repl.Vol. 8B), provided that, in any paternity action: "[T]he child shall be made a party to the action." Section 13–22–101(1)(c), C.R.S. (1987 Repl.Vol. 6a) provides that, when a child is a party in a paternity or other court action, the child must be represented by an appropriate fiduciary other than a parent, such as a guardian ad litem. *People in Interest of E.E.A.*, 854 P.2d 1346 (Colo.App. 1992).

The child was not represented by a guardian ad litem in the initial paternity proceeding. Consequently, the child was not a party to the action, *see People in Interest of E.E.A.*, *supra*, and the principles of *res judicata* and collateral estoppel do not operate to bar her from bringing a new paternity suit. However, the doctrines of *res judicata* and collateral estoppel may still operate as a bar to the present paternity proceeding if the child was in privity with the People, an original party in the previous proceeding.

Privity exists when there is a substantial identity of interests between a party and a non-party such that the non-party is virtually represented in litigation. *Public Service Co. v. Osmose Wood Preserving, Inc.*, 813 P.2d 785 (Colo.App.1991). At a minimum, privity requires a substantial identity between the issues in controversy and a showing that the parties in the two actions are really and substantially in interest the same. *Satsky v. Paramount Communications, Inc.*, 778 F.Supp. 505 (D.Colo.1991). *See Bennett College v. United Bank*, 799 P.2d 364 (Colo.1990); *Waitkus v. Pomeroy*, 31 Colo.App. 396, 506 P.2d 392 (1972), *rev'd on other grounds*, 183 Colo. 344, 517 P.2d 396 (1974).

S.O.V. argues that the child was in privity with the state in the original paternity proceeding because the state and the child both had the same interests in establishing S.O.V. as the child's father and in collecting as much child support as possible. At least one other jurisdiction has agreed with this rationale.

In *Bill ex rel. Bill v. Gossett*, 132 Ariz. 518, 647 P.2d 649 (App.1982), the court first determined that, for purposes of privity in a *res judicata* action, the prime consideration is whether the right of the same person was presented and adjudicated in both courts. Based on this definition of privity, the Arizona court then concluded that the child's interests are inextricably bound to the litigation of a paternity action, whether brought in the name of the state, the mother, or the guardian, and that, therefore, *res judicata* applied to bar a child from bringing a paternity action after an earlier such action had already been prosecuted by the State.

■ Other jurisdictions that have examined this issue have applied a definition of privity more closely approximating that set forth in *Public Service Co. v. Osmose Wood Preserving, Inc., supra*, and other Colorado cases. In these cases, privity is found to exist when there is a substantial identity of interests between a party and a non-party such that the non-party is virtually represented in litigation. These other jurisdictions have concluded that the interests of a child and other parties in a paternity action are not substantially identical so as to support a finding of privity for purposes of *res judicata. Snow v. Armstrong*, 508 So.2d 266 (Ala.1987); *Settle ex rel. Sullivan v. Beasley*, 309 N.C. 616, 308 S.E.2d 288 (1983); *Caraway v. Caraway*, 183 W.Va. 225, 395 S.E.2d 225 (1990); *State v. Mannhalt*, 33 Wash.App. 696, 658 P.2d 15 (1983). *See Thomas v. Shelton*, 740 F.2d 478 (1984) (child held not to be in privity with government in prior tort action because government only pursued medical expenses, which were a fraction of child's claim).

In these cases, the rationale cited for the courts' findings that a child was not in privity with a previous party for *res judicata* purposes is that the interests of a child in bringing a paternity action are different and more far-reaching than those of the child's mother or the state in bringing such an action. While both the mother and the state have a monetary purpose in bringing a paternity action, the child's interests in bringing a paternity action also include such matters as rights to inheritance, custody, and the determination of an accurate family medical history.

■ Divisions of this court have previously identified the existence, in paternity actions, of divergent interests between a child, his or her mother, and the state. For instance, in examining the General Assembly's intent behind the adoption of § 19–6–110, a division of this court concluded that this provision was adopted in order to ensure that a child be made a party to a paternity action because the child's interests *may vary* from those of his parents. *People in Interest of E.E.A., supra.*

And, in *J.E.S. v. F.F.*, 762 P.2d 703 (Colo. App.1988), a division of this court determined that it was error to allow the Department of Social Services to intervene as a party in a paternity action brought on behalf of a child. In so ruling, the court noted that: "[I]ntervention as a party to an action is proper where a person has an interest in the property or transaction at bar or when his claim has a question of law or fact common to that in the main action." Applying that principle, the *J.E.S.* court concluded that intervention by Social Services in the child's paternity action was improper because the interest of social services was only an interest in child support rights, and such an interest arises only when a person has been determined to owe a duty of support to the child. In making this distinction, the *J.E.S.* court indirectly acknowledged the differing interests of the state and a child in bringing a paternity proceeding.

Here, the petition for parentage determination and to obtain child support which was filed by the state in the initial paternity proceeding alleges that the action was brought by the state in the interest of the child petitioner "for the determination of a Father and Child relationship," and requested both that past support costs and medical benefits be reimbursed and that child support be provided in the future.

In contrast to the state's petition for monetary reimbursement, the record reflects that, in her report to the court, the guardian ad litem recommended that the child proceed with an action to attack the initial paternity

**1102**

proceeding collaterally because "[i]t is in the [child's] best interest to have a father" and "[h]er interest in having a father goes beyond the child support paid on her behalf and beyond the father/child relationship she may establish with that man."

The differing interests of the child and the state in bringing the paternity proceedings are evident in the documents filed on behalf of the respective parties. Although evidence of divergent interests on the part of a child and the state in bringing a paternity action need not necessarily be clearly set forth in the record, such evidence here serves to confirm our conclusion that the interests of a child and the state in bringing a paternity proceeding are, indeed, different.

■ We are not persuaded that the state's duty of *parens patriae* affects the differing interests and, thus, the lack of privity, for purposes of *res judicata,* between the child and the state. Although the state, as *parens patriae,* does have a responsibility to provide for the protection of children within its borders, *E.P. v. District Court,* 696 P.2d 254 (Colo.1985), the fact is that, in a proper *parens patriae* action, the state appearing as a party is deemed to represent all of its citizens and all their divergent interests in a matter of sovereign interest. *Satsky v. Paramount Communications, Inc., supra.*

■ As we have observed, the sovereign interest in this case is concerned with income collection, while the interests of the child are of a different and broader nature. In such circumstances when the interests of the sovereign are different from those of the private individual, maintenance of an action by the state may not preclude litigation by the individual affected. Rather, both the public agency and the private party may pursue enforcement of their interests. Restatement (Second) of Judgments § 41(1)(d) and comment d (1982).

Accordingly, here, we conclude that the child was not in privity with the state in the initial paternity proceeding. Consequently, the child is not barred from bringing a paternity action by the doctrines of *res judicata* or collateral estoppel.

In the light of our determinations here, we deem it unnecessary to consider the child's other contentions.

The judgment of the trial court dismissing the child's paternity action is reversed, and the cause is remanded for further proceedings.

PLANK and KAPELKE, JJ., concur.