Eva GOLDSWORTHY, Brad Chambers, Merye–Beth Heath, Richard McDougall, and Catherine Thompson, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, and American Standard Insurance Company of Wisconsin, a Wisconsin corporation, Defendants–Appellees.

No. 07CA0772.

Colorado Court of Appeals, Div. IV.

Nov. 13, 2008.

Rehearing Denied Jan. 8, 2009.

Certiorari Denied June 08, 2009.

The Carey Law Firm, Robert B. Carey, Leif Garrison, Colorado Springs, Colorado, for Plaintiffs–Appellants.

Harris, Karstaedt, Jamison & Powers, P.C., Robert W. Harris, A. Peter Gregory, Englewood, Colorado, for Defendants–Appellee.

Opinion by Judge CARPARELLI.

In this case under the former Colorado Auto Accident Reparations Act (No–Fault Act), plaintiffs, Eva Goldsworthy, Brad Chambers, Merye–Beth Heath, Richard McDougall, and Catherine Thompson (collectively policyholders), appeal the order dismissing their class action claims against defendants, American Family Mutual Automobile Insurance Company and American Standard Insurance Company of Wisconsin (collectively American Family), on the ground that the policyholders were prohibited from seeking class certification because of issue preclusion. We affirm.

## I. Background

This is at least the third lawsuit in which various plaintiffs have filed a class action complaint against American Family based on its failure to offer optional personal injury protection (PIP) coverage consistent with the requirements of the No–Fault Act, ch. 94, section 13–25–1, et seq., 1973 Colo. Sess. Laws 334, (formerly codified as amended at section 10–4–701, et seq.; repealed effective July 1, 2003, ch. 189, section 10–4–726, 2002 Colo. Sess. Laws 649).

### A. *French v. American Family*

In November 2000, a class action complaint was filed in El Paso County District Court against American Family. *French v. Amer. Family Mutual Ins. Co.,* No. 00CV3162. The plaintiffs sought damages and the reformation of American Family's policies to include the optional PIP coverage that was not offered. They asserted claims for reformation, statutory breach of contract under the No–Fault Act, bad faith breach of contract, statutory willful and wanton breach of contract, and violation of the Colorado Consumer Protection Act.

The trial court denied the plaintiffs' motion for class certification, finding that the commonality and typicality requirements of C.R.C.P. 23(a)(2) and (a)(3) had not been met

because the claims required highly individualized inquiries. In addition, the court noted that the named plaintiffs may not have been adequate representatives because their claims were possibly subject to statute of limitations defenses.

The court also rejected the propriety of class certification under C.R.C.P. 23(b)(1), (b)(2), and (b)(3). It determined that there was not a risk that inconsistent or varying adjudications would establish incompatible standards of conduct for American Family under C.R.C.P. 23(b)(1)(A) nor was there a risk that adjudication as to individual members of the class would be dispositive of the other members under C.R.C.P. 23(b)(1)(B). The court found certification under C.R.C.P. 23(b)(2) would be inappropriate because the plaintiffs primarily sought money damages. Finally, it found that the same individualized inquiries concerning the claims that precluded commonality and typicality findings also prohibited a finding of predominance and superiority as required by C.R.C.P. 23(b)(3).

The named plaintiffs appealed the denial of class certification to this court, but the appeal was voluntarily dismissed without prejudice. The case was eventually settled.

### B. *Marshall v. American Family*

In April 2003, a second class action complaint was filed against American Family in Adams County District Court. *Marshall v. American Family Mutual Ins. Co.,* No. 03CV 1081. The allegations and claims in *Marshall* largely mirrored those asserted in *French.* The named plaintiffs sought class certification only under C.R.C.P. 23(b)(2).

There, the trial court agreed with the analysis in *French* and found that the class claims did not meet the typicality requirement of C.R.C.P. 23(a)(3) because of the highly individualized nature of the claims asserted. Similarly, certification under C.R.C.P. 23(b)(2) was not appropriate because the plaintiffs primarily sought money damages.

### C. The Policyholders' Suit

In July 2004, Eva Goldsworthy instituted this action in Boulder County District Court

on behalf of herself and those similarly situated. The complaint was later amended to include the other named plaintiffs. Once again, the complaint largely mirrored those in *French* and *Marshall* and asserted claims for reformation, statutory breach of contract, willful and wanton breach of contract, and breach of the implied covenant of good faith and fair dealing.

American Family moved to dismiss the class action allegations under C.R.C.P. 12(b)(5), asserting that the denials of class certification in *French* and *Marshall* precluded the policyholders from relitigating the class certification issue in this case. The trial court found that the issues presented in the complaint were identical to those in the earlier cases and there were final judgments on the merits. However, the trial court denied the motion, finding that Goldsworthy was not a party or in privity with a party to the earlier proceedings.

The policyholders then moved for class certification. In its response to that motion, American Family urged the trial court to reconsider its earlier denial of its motion to dismiss under C.R.C.P. 12(b)(5). The trial court did so and stated once again that the issues were identical and there had been a final judgment on the merits in the previous cases. The court then concluded that the policyholders were in privity with the named plaintiffs in the prior actions because there was a functional relationship, and the same attorneys represented the named plaintiffs in all three cases. It explained that a contrary finding would lead to an absurd result which would allow plaintiffs' counsel to repeatedly file the same case with a new named plaintiff in the hope of eventually gaining class certification despite the prior failed attempts. The court also found that there had been a full and fair opportunity to litigate the class certification issue in the prior cases. Accordingly, the trial court granted American Family's motion to dismiss the class action claims on the ground that the policyholders were precluded from seeking class certification. Only the policyholders' individual claims remained, C.R.C.P. 54(b) certification was obtained, and this appeal followed.

## II. Standard of Review

■ We review de novo an order of dismissal pursuant to C.R.C.P. 12(b)(5), accepting as true all allegations of material fact in the complaint. *Negron v. Golder*, 111 P.3d 538, 542 (Colo.App.2004). A motion to dismiss is properly granted when the plaintiff's factual allegations cannot support a claim as a matter of law. *Rosenthal v. Dean Witter Reynolds, Inc.*, 908 P.2d 1095, 1099 (Colo. 1995). When evaluating such a motion, courts may consider only those matters stated in the complaint. *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 665 (Colo.1999).

## III. Class Action Certification

■ Certification of a class action is governed by C.R.C.P. 23, and the plaintiff has the burden of proving compliance with the rule. *Benzing v. Farmers Ins. Exchange*, 179 P.3d 103, 107 (Colo.App.2007) (*cert. granted* Feb. 19, 2008). Under C.R.C.P. 23(a), one or more members of the class may sue as representative parties only if (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy).

If the requirements of C.R.C.P. 23(a) are satisfied, the class action may only be maintained if it also meets the conditions stated in one of the subsections of C.R.C.P. 23(b). *See Benzing*, 179 P.3d at 107. C.R.C.P. 23(b) provides in pertinent part:

Any action may be maintained as a class action if the prerequisites of section (a) are satisfied, and in addition:

(1) The prosecution of separate actions by or against individual members of the class would create a risk of:

(A) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or

(B) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interest; or

(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## IV. Issue Preclusion

The policyholders contend that the trial court erred in dismissing their class action claims on the basis that issue preclusion prohibited them from seeking class certification. We disagree.

Consistent with current usage, we refer to "issue preclusion" rather than "collateral estoppel." *See Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo.2005).

### A. Law

■ The doctrine of issue preclusion bars relitigation of an issue that was already litigated and decided in a previous proceeding. *Negron*, 111 P.3d at 542. It is "a judicially created, equitable doctrine" that "serves to relieve parties of multiple lawsuits, conserve judicial resources, and promote reliance on the judicial system by preventing inconsistent decisions." *Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 47 (Colo.2001).

■ Relitigation of an issue is barred if:

1. the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding;

2. the party against whom preclusion is sought was a party to or was in privity with a party to the prior proceeding;

3. there was a final judgment on the merits in the prior proceeding; and

4. the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Bebo Constr. Co. v. Mattox & O'Brien, P.C.,* 990 P.2d 78, 84–85 (Colo.1999). The burden of establishing these elements rests with the party seeking to invoke the doctrine. *Bebo Constr. Co.,* 990 P.2d at 85.

### B. The Class Certification Issue

Here, the issue is certification of a class of American Family policyholders asserting claims for extended PIP coverage and the related damages under the No–Fault Act. The policyholders' complaint alleged that the case could properly be maintained as a class action because it satisfied all the requirements of C.R.C.P. 23(a) as well as the requirements of C.R.C.P. 23(b)(2) and (b)(3). However, the court in *French* determined that the class claims did not meet the commonality and typicality requirements of C.R.C.P. 23(a)(2) and (a)(3), and the court in *Marshall* determined that the class claims did not meet the typicality requirements of C.R.C.P. 23(a)(3). Thus, both courts concluded that the proposed class did not satisfy the initial threshold required by C.R.C.P. 23(a). In addition, both courts found that certification was unwarranted under C.R.C.P. 23(b)(2) because the plaintiffs were predominantly seeking money damages, and the *French* court held the class did not meet the requirements of C.R.C.P. 23(b)(3) because individual issues predominated over common ones and a class action was not the superior method of adjudication. Consequently, if the elements of issue preclusion are satisfied, the policyholders are bound by these determinations that the class they seek to represent is not tenable because it does not satisfy two of the requirements of C.R.C.P. 23(a) and does not meet the requirements of C.R.C.P. 23(b)(2) or (b)(3).

### C. Identity of Issues

The policyholders contend the class certification issue in this case is not identical to an issue actually and necessarily determined in *French* and *Marshall.* We disagree.

Specifically, the policyholders contend that the issues are not identical because they asserted different claims, sought class certification on different issues, and were superior class representatives. The policyholders assert that differences between their class certification motion and the motions in the earlier cases demonstrate that their issues and claims are different from those in the earlier cases.

#### 1. Argument in the Trial Court

■ In the motion to dismiss, American Family asserted that the issues were identical because the policyholders in this case, just as in *French* and *Marshall,* were once again seeking to represent a class of all American Family policyholders who were entitled to extended PIP benefits under the No–Fault Act. In their response to this contention, the policyholders argued only that the denial of class certification was not *necessary* to the final outcome in *French* and *Marshall* because a class certification decision could not be necessary to the final outcome of a case. They did not present the arguments they now raise on appeal. In its order, the trial court observed, "It is readily apparent, and Plaintiff does not dispute, that the issue sought to be determined, the relief sought and the claims asserted by the Plaintiffs in *French, Marshall,* and the instant case, are virtually identical." Thus, the court found the identity element of issue preclusion had been satisfied.

Because the policyholders' arguments regarding the differences between their claims, issues, and representative superiority are raised for the first time on appeal, we decline to address them. *See Robinson v. Colo. State Lottery Div.,* 179 P.3d 998, 1008 (Colo. 2008); *Snipes v. American Family Mut. Ins. Co.,* 134 P.3d 556, 557 (Colo.App.2006). However, we will address the question of whether American Family carried its burden of establishing that the class certification issue is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding. *In re Tonko,* 154 P.3d 397, 405 (Colo.2007).

### 2. Actually Litigated and Necessarily Adjudicated

An issue is actually litigated when it is properly raised, submitted for determination, and determined. This requirement recognizes that issue preclusion does not apply to matters that could have been, but were not, litigated in a prior proceeding. *Bebo Constr. Co.*, 990 P.2d at 85.

An issue is necessarily adjudicated when a determination on that issue was necessary to a judgment or the final outcome of the case. This requirement recognizes that a previous court may not have taken the care needed to adequately determine an issue that would not affect the disposition of the case. *Bebo Constr. Co.*, 990 P.2d at 86.

### 3. Analysis and Conclusions

We agree with the trial court's determination that the class certification issues in *French* and *Marshall* were identical to the issue in this case. In addition, we conclude that the question of whether the proposed class satisfied the requirements of C.R.C.P. 23(a) and (b) was actually and necessarily adjudicated.

First, the certification issues in *French* and *Marshall* were identical to the one present in this case. As the trial court correctly found, and the policyholders did not dispute, the complaint sought to pursue a class action for American Family policyholders in connection with the failure to offer extended PIP coverage and the related damages, just as the named plaintiffs' complaints did in *French* and *Marshall*.

Second, the certification issues in the prior cases were actually litigated. The named plaintiffs properly moved for class certification in each case and submitted the issue to the trial court for determination, and, in each instance, the trial court denied class certification.

Finally, the class certification issue was also necessarily adjudicated in the prior cases. An order denying certification has the effect of dismissing the action as to all class members who are not named plaintiffs. *Levine v. Empire Sav. & Loan Ass'n*, 192 Colo. 188, 189–90, 557 P.2d 386, 387 (1976); *see Soto v. Progressive Mountain Ins. Co.*, 181 P.3d 297, 300 (Colo.App.2007). Thus, the ultimate outcome of the cases as to the unnamed class members necessarily depended on the certification issue, which is the same issue American Family seeks to preclude here. *See, e.g., Michaelson v. Michaelson*, 884 P.2d 695, 702 (Colo.1994). The orders denying class certification in both *French* and *Marshall* demonstrate a careful and considered analysis of the certification issue.

Accordingly, the identity element of issue preclusion is satisfied in this case.

### D. Privity

The policyholders contend they were not in privity with the named plaintiffs in the prior proceedings. We disagree.

It is undisputed that these policyholders were not named as parties in the prior cases. Thus, our analysis is limited to whether they were in privity with the named plaintiffs in those cases.

"Privity exists when there is a substantial identity of interests between a party and a non-party such that the non-party is virtually represented in [the] litigation." *Natural Energy Res. Co. v. Upper Gunnison River Water Conservancy Dist.*, 142 P.3d 1265, 1281 (Colo.2006) (quoting *People in Interest of M.C.*, 895 P.2d 1098, 1100 (Colo. App.1994)).

Privity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship in which the interests of the non-party are presented and protected by the party in the litigation. *S.O.V. v. People in Interest of M.C.*, 914 P.2d 355, 360 (Colo. 1996)

"[A] finding of privity is simply a conclusion that something in the relationship of party and non-party justifies holding the latter to the result reached in litigation in which only the former is named." *Pub. Serv. Co. v. Osmose Wood Preserving, Inc.*, 813 P.2d 785, 788 (Colo.App.1991) (quoting *Daigle v. City of Portsmouth*, 129 N.H. 561, 534 A.2d 689, 694 (1987)). "[T]he determination

of privity depends upon the fairness of binding [the absent party] with the result obtained in earlier proceedings in which it did not participate." *Citizens for Open Access to Sand & Tide, Inc., v. Seadrift Ass'n,* 60 Cal.App.4th 1053, 1070, 71 Cal.Rptr.2d 77, 88 (1998). When analyzing privity, we look to the law governing the underlying relationship. *Cruz v. Benine,* 984 P.2d 1173, 1177 (Colo.1999).

To properly consider this question, we must first compare the policyholders' interests in gaining class certification in this case with the named plaintiffs' interests in the earlier cases. Next, if those interests were substantially identical, we must determine whether there was a functional relationship in which the prior named plaintiffs presented and protected the policyholders' interests.

### 1. Identity of Interests

We conclude there was a substantial identity of interests regarding class certification between the policyholders in this case and the named plaintiffs in *French* and *Marshall.* Indeed, the policyholders do not assert that their interests here differ in any way from the interests of the named plaintiffs in the other proceedings. The named plaintiffs in all three cases sought to have a class of American Family policyholders certified to pursue extended PIP benefits pursuant to the No–Fault Act. The class claims and class counsel are all the same. The named plaintiffs in each case had an interest in fully litigating the class certification issue and had the same goal of having the class certified.

### 2. Functional Relationship

We also conclude that there is a functional relationship in which the interests of the policyholders in class certification were presented and protected by the named plaintiffs in *French* and *Marshall.*

■■■ There is a functional relationship when the absent parties' interests are presented and protected in the prior litigation. *See S.O.V.,* 914 P.2d at 360. In the class context, this relationship exists when the putative class members' interests are adequately represented. *See In re Bridgestone/Fire-stone, Inc. Tires Prods. Liab. Litig.,* 333 F.3d 763, 769 (7th Cir.2003) (*Bridgestone* ); *Alvarez v. May Dep't Stores Co.,* 143 Cal.App.4th 1223, 1236, 49 Cal.Rptr.3d 892, 899 (2006).

■■■ As a general rule, "a litigant is not bound by a judgment to which she was not a party." *Taylor v. Sturgell,* —— U.S. ——, ——, 128 S.Ct. 2161, 2175, 171 L.Ed.2d 155 (2008). However, in certain limited circumstances, "a nonparty may be bound by a judgment because she was 'adequately represented by someone with the same interests who [wa]s a party' to the suit." *Taylor v. Sturgell,* —— U.S. at ——, 128 S.Ct. at 2172 (quoting *Richards v. Jefferson County,* 517 U.S. 793, 798, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996)). A nonparty is adequately represented for preclusion purposes if the interests of the nonparty and his or her representative are aligned, and the procedure applied by the original court fairly ensured the protection of the interests of the nonparty. *Taylor v. Sturgell,* —— U.S. at ——, 128 S.Ct. at 2176; *Hansberry v. Lee,* 311 U.S. 32, 42, 61 S.Ct. 115, 85 L.Ed. 22 (1940). "In the class-action context, these limitations are implemented by the procedural safeguards contained in [Rule 23]." *Taylor,* —— U.S. at ——, 128 S.Ct. at 2176. Moreover, "there is a distinction between using a prior ruling to bar a litigant from receiving a hearing on the merits and applying a prior decision to prevent a litigant from proceeding as a class representative." *Alvarez,* 143 Cal.App.4th at 1234, 49 Cal. Rptr.3d at 898.

### 3. Bridgestone

*Bridgestone* is instructive here as it addressed privity concerns in the class certification context. In that case, after the denial of class certification on a nationwide basis, different named plaintiffs filed the same class complaints in multiple jurisdictions. The court held that the named plaintiffs there were precluded from seeking a nationwide class certification because the issue had already been decided in the initial case. *Bridgestone,* 333 F.3d at 765.

There, the plaintiffs, like the policyholders here, asserted that only the named class representatives should be treated as parties to the litigation, and thus, that potential class

members other than the named plaintiffs in the prior cases could not be bound by an adverse decision and were "free to file their own *class actions.*" *Bridgestone*, 333 F.3d at 768 (emphasis added). However, the court disagreed, ruling that putative class members were bound by the earlier denial of *class certification,* but retained the right to pursue their *individual claims.* In addressing the notice concern, the court stated that "no statute or rule requires notice, and an opportunity to opt out, before the certification decision is made; it is a post-certification step." *Bridgestone*, 333 F.3d at 769. The court then concluded,

> Every person included in the district court's class definition still has the right to proceed on his own. What such a person now lacks is the right to represent a national class of others similarly situated; that's the upshot of a fully contested litigation in which every potential class member was adequately represented on this issue.

*Bridgestone*, 333 F.3d at 769.

The *Bridgestone* court also explained the absurd consequences of a contrary decision. If putative class members were allowed repeatedly to file identical class actions, even if most courts would rule against certification, they might eventually encounter a court that would certify the class and "all the no-certification decisions [would] fade into insignificance." *Bridgestone*, 333 F.3d at 766. In other words, "[a] single positive trumps all the negatives," and the result would be a system where putative class members "can win but never lose." *Bridgestone*, 333 F.3d at 766–67.

### 4. Analysis and Conclusions

Here, the policyholders do not contend that the prior named plaintiffs failed to present certain arguments or evidence, or that their interests were not adequately represented in the *French* and *Marshall* cases. Indeed, it would be difficult to make such an argument because the named plaintiffs in those cases and the policyholders here were represented by the same attorneys. *See Alvarez*, 143 Cal.App.4th at 1237, 49 Cal. Rptr.3d at 901 (similarity of counsel is one factor that may be considered in determining whether nonparty's interest was represented in class action).

Instead, the policyholders contend that they cannot be bound by the denials of class certification in the earlier cases because, until a class is certified, there is no functional relationship between them and the plaintiffs in those cases. In support of their position, they emphasize that when a class is not certified there is no binding effect of any judgment issued in the action upon putative class members because the due process concerns and protections embodied in C.R.C.P. 23 have not been met. These protections include the requirement of notice and the opportunity to be excluded from a class after it is certified. *See* C.R.C.P. 23(c)(2).

However, the policyholders' contention misapprehends these due process protections. The due process interests and protections the policyholders speak of ensure that *judgments* do not preclude the claims of nonparties. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985) (due process protects plaintiffs where an action seeks to adjudicate their claims); *see also Alvarez*, 143 Cal. App.4th at 1233–35, 49 Cal.Rptr.3d at 897–99 (discussing nature of right to represent class). However, by precluding class certification here the trial court did not deny the policyholders the right to present and seek a judgment regarding the merits of their claims, it merely prevented them from doing so as the representatives of the proposed class.

In this regard, we are persuaded by the analysis in *Bridgestone.* The class certification decision does not concern the merits of the claims asserted; it only deals with the viability of resolving claims on a class-wide basis. After a certification denial, each putative class member loses only the right to be the named representative for the class on the claims asserted against American Family. In other words, the class members have lost only the procedural right to assert their own claims in the context of a class action. Indeed, as American Family readily admits, each putative class member can pursue his or her individual action to recover damages pursuant to the No–Fault Act. *See Bridgestone*,

333 F.3d at 769 (individuals retain the right to "go it alone," but not to launch a competing class action).

In addition, we cannot subscribe to the policyholders' position, because it could lead to the filing of a series of identical class actions in which new named plaintiffs continuously seek class certification despite the fact that certification was denied in prior proceedings. The issue preclusion doctrine is designed to address precisely this situation, where it will relieve American Family from defending this issue in multiple lawsuits, conserve judicial resources, and promote reliance on the judicial system by preventing inconsistent decisions.

In sum, we conclude that procedures in *French* and *Marshall* ensured that the interests that putative class members might have in certification were protected. Thus, they may be bound by a decision on that issue. "Just as they receive the fruits of victory, so an adverse decision is conclusive against them." *Bridgestone*, 333 F.3d at 768.

Accordingly, the privity element of issue preclusion is satisfied.

### E. Finality

The policyholders contend there was no final judgment on the merits in the previous cases. We disagree.

For purposes of issue preclusion, "a judgment must be 'sufficiently firm' in the sense that it was not tentative, the parties had an opportunity to be heard, and there was an opportunity for review." *Carpenter v. Young*, 773 P.2d 561, 568 (Colo.1989) (quoting Restatement (Second) of Judgments § 13 (1983) ).

We conclude the denials of class certification in *French* and *Marshall* meet the *Carpenter* test and should be accorded preclusive effect. The legal effect of the denial of a class certification is the dismissal of the action as to all members of the class other than the named plaintiffs. *See Levine*, 192 Colo. at 189–90, 557 P.2d at 387; *see also Soto*, 181 P.3d at 300. Thus, the denial of class certification in each case was sufficiently firm and not tentative. The policyholders do not dispute that the named plaintiffs had an opportunity to be heard, as the certification issue was briefed and oral argument was held in both proceedings.

Finally, there was an opportunity for review in each case. The *French* plaintiffs filed an appeal in this court, but it was voluntarily dismissed without prejudice. The case was then settled. Likewise, in *Marshall*, the plaintiffs filed a C.R.C.P. 54(b) certification motion in order to appeal the denial, but withdrew the motion and settled the case. Thus, the named plaintiffs had an opportunity to seek review of the class certification denials but waived any such right when the cases were settled. *See Carpenter*, 773 P.2d at 568 (right to review waived when settlement agreement reached).

Accordingly, the finality of judgment element of issue preclusion is satisfied.

### F. Opportunity to Litigate

The policyholders contend that they did not have a full and fair opportunity to litigate the issue in the prior proceedings. We disagree.

In determining whether there was a full and fair opportunity to litigate the issue, we consider whether the remedies and procedures in the first proceeding or the proceeding itself is substantially different from the proceeding in which issue preclusion is asserted; whether the party in privity in the first proceeding had sufficient incentive to vigorously assert or defend the position of the party against whom issue preclusion is asserted; and the extent to which the issues are identical. *Bennett College v. United Bank*, 799 P.2d 364, 369 (Colo.1990).

We note that before the trial court, the policyholders asserted only that, because they were strangers to the *French* and *Marshall* actions, *they* did not have the opportunity to litigate the class certification issue in those cases. However, this assertion is more accurately a challenge to privity, not whether the previous litigants had a full and fair opportunity to litigate the same issue.

Here, there is little question that the named plaintiffs in *French* and *Marshall* had a full and fair opportunity to litigate the class certification issue. The remedies and proce-

dures were the same in the prior proceedings, and there is no indication that the named plaintiffs had insufficient incentive to vigorously assert their positions with regard to the certification issue. There is no indication they were inadequately represented. Finally, as discussed above, the issues are sufficiently identical to support the conclusion that the named plaintiffs in *French* and *Marshall* had a full and fair opportunity to litigate the issue to be precluded.

Accordingly, the opportunity to litigate element of issue preclusion is satisfied.

### V. Conclusion

We conclude that American Family carried its burden of establishing the four elements of issue preclusion. Therefore, we also conclude that the trial court did not err when it dismissed the policyholders' class action claims on the basis that the policyholders were precluded from seeking class certification.

The order is affirmed.

Judge ROY and Judge LOEB concur.